UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9517-SVW (KK)** | Date: | October 26, 2020 |
|---|---|---|---|
| Title: | *Boewrell Lenoir Durham v. Superior Court of California County of Los Angeles, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed For Failure To Name Proper Respondent And Failure To Comply With Rule 8 And Habeas Rule 2(c)

# I.
# INTRODUCTION

On October 11, 2020, Boewrell Lenoir[1] ("Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition").  ECF Docket No. ("Dkt.") 1.  It appears, however, the Petition is subject to dismissal because: (1) the Petition fails to name a proper respondent; and (2) the Petition fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8") and Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rule 2(c)").  The Court will provide Petitioner an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

///
///
///
///

---

[1] It is not clear from the Petition what Petitioner's full name is.  In the caption, Petitioner is identified as Boewrell Lenoir Durham, but where the Petition asks him to state his full name, he identifies himself as "Boewrell Lenoir Devion 1-30 thousand."  Dkt. 1 at 1.  In addition, based on documents attached to the Petition, it appears his name is either Lenoir Boewrell, id. at 14, or Boewrell Lenoir, id. at 16.  For purposes of this Order, the Court will refer to him as Petitioner.

## II.
## DISCUSSION

### A.   THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citation omitted).  Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Id. at 435; see Stanley v. Cal. Supreme Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (noting the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names "Superior Court of California County of Los Angeles" and "People of the State of California" as Respondents.  See dkt. 1 at 1.  However, Petitioner appears to be detained at Olive View – UCLA Medical Center.  Id.  Neither the "Superior Court of California County of Los Angeles" nor the "People of the State of California," therefore, have custody over Petitioner.  See Rumsfeld, 542 U.S. at 434.  Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

### B.   THE PETITION FAILS TO COMPLY WITH RULE 8 AND HABEAS RULE 2(c)

Under Rule 8, a petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a), (d); see Petillo v. Los Angeles Dept. of Child. & Fam. Servs., No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition).  "[T]he 'short and plain statement' must provide the [respondent] with 'fair notice of what the [petitioner's] claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted).  "Experience teaches that, unless cases are pled clearly and precisely, . . . the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  A court cannot grant relief based on conclusory allegations unsupported by specific facts. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1996).

A court may dismiss a habeas petition if it does not "state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal citation and quotation marks omitted).  For instance, a court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief" and finding the court did not need to "engage in a tenuous analysis in order to attempt to identify and make sense of the Petition").  Additionally, a court may dismiss a claim as factually frivolous when the facts alleged are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Habeas Rule 2(c) "requires a more detailed statement [than Rule 8]. Mayle v. Felix, 545 U.S. 644, 649 (2005). The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" Id. (internal citation omitted); see also Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[2] see Consequently, in a habeas petition, "'[n]otice pleading is not sufficient,'" and a petitioner must "'state facts that point to a real possibility of constitutional error.'" Id. at 655 (quoting Habeas Rule 4's 1976 Advisory Committee Notes); McFarland v. Scott, 512 U.S. 849, 856 (1994) (holding, under Habeas Rule 2(c), "petitions must meet heightened pleading requirements").

Here, the Petition fails to comply with Rule 8 and Habeas Rule 2(c). The Petition is largely unintelligible to the point that the Court cannot interpret Petitioner's claims. See Neitzke, 490 U.S. at 325. In fact, the Court cannot even determine what conviction Petitioner is challenging, or whether he is challenging some pretrial detention. See dkt. 1 at 1–2 (checking boxes stating he is both currently a pretrial detainee and serving a sentence as well as stating he was sentenced on August 24, 2019 but challenging a decision from December 8, 2008). In addition, the Petition fails to set forth facts that "point to a real possibility of constitutional error." Blackledge, 431 U.S. at 75 n.7. Further, it is not clear whether Petitioner's claim is even cognizable on habeas review because the relief he appears to seek it to have the Court remove "all these files from [his] name, and compensation in pay." Id. at 7. Accordingly, it is not clear that success on the Petition would "necessarily spell speedier release," and therefore, Petitioner's claims "do not lie at the core of habeas corpus." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under [42 U.S.C. §] 1983." (internal citation and quotation marks omitted)). Hence, the Petition is subject to dismissal for violating Rule 8 and Habeas Rule 2(c).

### III.
### ORDER

For the above reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition **no later than November 16, 2020**. Petitioner must respond in writing by either (a) clearly explaining why the deficiencies referenced above do not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

Alternatively, Petitioner may voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

---

[2] Rules Governing Section 2254 Cases in the United States District Courts, ADMINISTRATIVE OFFICE OF THE U.S. COURTS, https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf (last visited Oct. 23, 2020).

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a claim and/or for his failure to comply with court orders and failure to prosecute.  See FED. R. CIV. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and provide Petitioner with a blank form Petition for his use in filing a First Amended Petition.**

**IT IS SO ORDERED.**